# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

FRANK A. BLOUNT, #349592,

    Petitioner,

v.

GENE M. JOHNSON,

    Defendant.

CIVIL ACTION NO. 2:09cv331

## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner, FRANK A. BLOUNT ("Blount"), was convicted in Stafford County Circuit Court following a Alford plea on charges of burglary, robbery and use of a firearm. Prior to sentencing, Blount moved unsuccessfully to withdraw his plea. The trial court sentenced Blount to a combined 27 years in prison on the charges.

Blount appealed his conviction to the Virginia Court of Appeals arguing six different assignments of error. The Court of Appeals denied the petition, in a detailed written opinion, on October 30, 2006. Blount later sought and was granted leave to file a late appeal with the Supreme Court of Virginia. That Court likewise denied his appeal and a later motion to rehear, and Blount's direct appeal was concluded on March 6, 2008. Blount did not file any request for review by the United States Supreme Court.

---

[1] The petition was originally referred by a United States District Judge to United States Magistrate Judge James E. Bradberry. As a result of Judge Bradberry's retirement, the matter was reassigned to United States Magistrate Judge Douglas E. Miller, his duly appointed successor.

1

On March 16, 2009, a little over a year after his conviction became final, Blount filed a petition for habeas corpus relief in the Supreme Court of Virginia. The state petition raised all of the issues which Blount reiterates in this filing. On April 22, 2009, the Supreme Court of Virginia dismissed the petition as not timely filed under Virginia Code § 8.01-654(A)(2).

On July 7, 2009, Blount filed this petition under 28 U.S.C. § 2254 seeking a federal writ of habeas corpus. Blount's petition alleges various grounds, but all relate to the alleged ineffective assistance of his trial counsel in relation to the motion to withdraw his guilty plea. Although styled three grounds, Blount has essentially argued three different reasons why his trial counsel's performance was constitutionally deficient. He claims adequate representation would have resulted in the trial court granting his motion to withdraw the plea. After preliminary orders in this Court, the respondent filed a Motion to Dismiss and Rule 5 Answer along with brief in support on October 13, 2009. The motion requested records from the state trial and appellate courts, all of which were received by December 24, 2009 and the matter is now ripe for decision.

## ANALYSIS

The petitioner's claims are both untimely under 28 U.S.C. § 2244(d) and procedurally defaulted and exhausted due to his failure, and subsequent inability to timely pursue them in state court.

I. <u>The Petitioner's claims are time barred.</u>

The provisions of the Anti Terrorism and Effective Death Penalty Act (ADEPA) created a one year limitation for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2254(d)(1)(A) – (D). Blount's petition alleges no new facts, Supreme Court authority or state-created impediment to filing a petition. As a result, to proceed in this Court, his federal claims must have been filed within one year of the date judgment on his state conviction became final.

2

The Supreme Court of Virginia finally resolved Blount's direct appeal on March 6, 2008. Because the time for pursuing federal habeas relief does not begin until expiration of the time for seeking further review, Blount was also entitled to the additional 90 days within which he could have pursued a petition for certiorari to the United States Supreme Court. *Harris v. Hutchinson,* 209 F. 3d 325, 328 n.1 (4th Cir. 2000). Thus, the one year limitations period in § 2244 began to run 90 days after March 6, 2009 or on June 4, 2009. Blount filed this petition on July 7, 2009 approximately one month after the limitation period expired.

Federal law requires tolling of the one year limitation period for the time "during which a properly filed application for state post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). The time which Blount's state petition was pending, however, did not toll the one year limitation because his state petition was not "properly filed". The United States Supreme Court has held that a state application is properly filed when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe for example, <u>the form of the document, the time limits upon its delivery</u>, the court and office in which it must be lodged and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000) (emphasis added). Because Blount's state petition was never properly filed, the time during which it was pending does not toll the one year limitation period in § 2244(d)(1). *See Christian v. Baskerville,* 232 F. Supp. 2d 605, 608 (E.D. Va. 2001).

In his response to the motion to dismiss, Blount argues that the Court should apply equitable tolling to excuse the untimely petition. While the Fourth Circuit has held that equitable tolling applies "at least in principle" to the limitation period in § 2244(d), the doctrine is reserved for "those rare instances where – due to circumstances external to the parties' own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris,* 209 F. 3d at 330. As justification for his request for equitable tolling, Blount argues that his state petition was not timely filed due to a delay in obtaining requisite copies from Department of Corrections employees. It's doubtful whether this Court could apply principles of equitable tolling to excuse Blount's late filings in state court, and by extension his right to proceed in federal court.

3

The Court need not resolve that issue, however, as the proffered facts do not warrant the rarely available equitable relief in any event.

From the exhibits to his response, it appears Blount eventually mailed the state filing without copies, but it was returned by the Supreme Court as otherwise not in proper form. Blount completed an appropriate petition which was filed within days of his receiving notice of the defect, but still beyond expiration of the Virginia statute of limitations. Thus, even if this Court were to conclude that a brief delay in obtaining copies constituted the type of extraordinary, external circumstances that may justify equitable tolling, Blount's ability to lodge proper pleadings in a timely fashion was not affected as demonstrated by his prompt response to the Court's notice of the defective filing. Moreover, the circumstances of Blount's filing do not demonstrate that he had been "diligent in investigating and bringing the claims," as required to invoke equitable tolling. *Harris*, 209 F. 3d at 330 (citation omitted). Because Blount's habeas petition in this Court was filed more than one year following the date upon which his state court judgment became final, the Court must dismiss it pursuant to § 2254(d)(1).

II.     <u>Blount's claims are procedurally defaulted.</u>

In addition to being time barred, Blount's claims are also procedurally defaulted as a result of the Virginia Supreme Court's action on his state petition. Prior to proceeding with a federal habeas petition, state prisoners must generally exhaust their state court avenues for relief. Exhaustion requires that state prisoners seeking federal habeas relief "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999). Here, Blount's claims all relate to the alleged ineffectiveness of his trial counsel. In Virginia, such claims must be presented on collateral review rather than direct appeal. *Roach v. Commonwealth*, 251 Va. 324, 468 S.E. 2d 98, 105 n. 4 (1996). Bunch presented his claims to the Supreme Court of Virginia which declined to review them as a result of Blount's late filing.

Ordinarily, federal courts may not review constitutional claims which a state court declined to consider on the merits so long as the state court's action was based on "an adequate

4

and independent state procedural rule." *Sharpe v. Bell*, 543 F.3d 372, 377 (4th Cir. 2010) (citing *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000). This Court may not question a state court's finding of procedural default, or examine "whether the state court properly applied its own law." *Id.* (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2. (4th Cir. 1995)). In this case, the Supreme Court of Virginia declined to consider the merits of Blount's habeas petition under Virginia's one year statute of limitations contained in Virginia Code § 8.01-654(A)(2). The Court's application of that statute is an independent and adequate state ground and this Court may not question whether Virginia properly applied it to dismiss Blount's claims. *See Weeks v. Angelone*, 176 F. 3d, 249, 273 (4th Cir. 1999); *Sparrow v. Director*, 439 F. Supp. 2d 584, 587 – 88 (E.D. Va. 2006).

In certain cases a Petitioner may overcome procedural default and present the defaulted claims for federal review on the merits, by demonstrating cause and prejudice for the default, or that a miscarriage of justice would result from the lack of substantive review. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Savino v. Murray*, 82 F. 3d 593, 602 (4th Cir. 1996). Cause would ordinarily require Blount to demonstrate "some objective factor external to the defense" that impeded his effort to comply with the State Rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). In this case, however, Blount has not alleged, nor does the record establish any claim of cause and prejudice to excuse his procedural default. In addition, his habeas filing relates exclusively to the alleged ineffectiveness of his counsel and presents no "new reliable evidence" supporting a claim of actual innocence. *See. Schlup v. Delo*, 513 U.S. 298, 324, (1995).

## RECOMMENDATION

Because Blount's claims are both time-barred and procedurally defaulted, and he has presented no factual basis for excusing the default, the undersigned recommends that Blount's petition for writ of habeas corpus under 28 § U.S.C. 2254 be denied and the matter dismissed.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 18, 2010